IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES WILEY, <br> TDCJ #1173816, | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. H-07-0387 |
| NATHANIEL QUARTERMAN, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, | § <br> § <br> § <br> § | |
| Respondent. | § <br> § | |

## MEMORANDUM AND ORDER

State inmate James Wiley (TDCJ #1173816) has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction. Wiley has also filed a memorandum in support of his petition. The respondent has answered with a motion for summary judgment, arguing that the petition must be dismissed because it is barred by the governing one-year statute of limitations. (Doc. # 11). Wiley has filed a reply. (Doc. # 12). After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

I.   BACKGROUND

According to the state court records, a Harris County grand jury returned an indictment against Wiley in cause number 923001, charging him with aggravated assault with a deadly weapon, namely, a firearm. The State of Texas enhanced the indictment for

purposes of punishment with allegations that Wiley had at least two prior felony convictions, for burglary of a habitation and for robbery. On May 27, 2003, a jury in the 351st District Court of Harris County, Texas, found Wiley guilty of the lesser felony offense of deadly conduct. After Wiley admitted that the enhancement allegations were true, the trial court found that a deadly weapon was used to commit the offense and sentenced him to serve thirty-five years' imprisonment.

Wiley's conviction was affirmed on direct appeal in an unpublished opinion. *See Wiley v. State*, No. 14-03-00658-CR (Tex. App. — Houston [14th Dist.] Aug. 12, 2004). In that decision, the appellate court made the following summary of the facts presented at trial:

> On the afternoon of September 2, 2002, James Clark and his girlfriend, Kathy Ridley, were walking from Clark's home to Ridley's mother's home. Ridley felt ill and sat down under a tree. [Wiley], whom Ridley testified was a former boyfriend, drove by and asked Ridley to get into his vehicle. Ridley refused. [Wiley] left and returned with Ridley's brother and, asked Ridley to get into his vehicle. Ridley again refused and she and Clark continued to walk toward her mother's home. [Wiley] followed Ridley and Clark in his vehicle and confronted them. [Wiley] stepped out of the vehicle holding a rifle and threatened to kill Clark. Clark pushed Ridley out of the way and ran from [Wiley]. [Wiley] then shot Clark in the back. Wounded by the shot, Clark ran to a friend's apartment and called the police and an ambulance.
>
> Two Houston police officers responded to the call, and Clark told them [Wiley] had shot him. The officers learned where [Wiley] lived and detained him in their patrol car. [Wiley] informed a third officer, Daniel Snow, that he was a diabetic and needed medication before being taken to the police station. Officer Snow knocked on [Wiley]'s apartment door and spoke with Mary Lewis, [Wiley]'s live-in girlfriend. Lewis consented to a search of the apartment. Officer Snow retrieved [Wiley]'s insulin and seized the rifle used during the shooting. At the police station, [Wiley] was placed in an interview room. He requested and was provided a glass of water. He was also advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and knowingly and voluntarily waived those rights. [Wiley] agreed to give a statement, which was recorded on videotape.

> In his taped statement, [Wiley] stated that on the Friday evening before the shooting, he had seen Clark attempting to burglarize his car. He further stated that on the day of the shooting, he saw Clark walking along the side of the road. [Wiley] said he recognized Clark as the man who had attempted to break into his car and confronted him about the break-in. According to [Wiley], Clark was alone. [Wiley] stated Clark advanced toward him, therefore he backed up toward his car. When [Wiley] reached his car, he retrieved a rifle from the trunk of the car. At that point, [Wiley] said he became angry because Clark called him a derogatory name. When Clark saw the rifle, he began to run. [Wiley] also stated, "When he got so far, I just, 'Pow.'" [Wiley] then demonstrated his actions by holding an imaginary rifle and pretending to shoot. After he shot the rifle, [Wiley] put the rifle back in the trunk of the car and drove away. [Wiley] stated he did not know Clark had actually been struck.

*Wiley*, No. 14-03-00658-CR, slip op. at 2-3. Thereafter, the Texas Court of Criminal Appeals refused Wiley's petition for discretionary review on March 3, 2005. Wiley did not appeal further by filing a petition for a writ of certiorari with the United States Supreme Court.

Wiley filed the pending federal petition for a writ of habeas corpus on January 18, 2007.[1] In this petition and supporting memorandum, Wiley maintains that he is entitled to relief from his conviction for the following reasons: (1) his conviction was obtained with evidence seized during an illegal search; (2) the evidence was insufficient to support his conviction; (3) his conviction was obtained in violation of the privilege against self-incrimination; (4) his conviction was obtained pursuant to a coerced confession; and (5) he

---

[1] The Clerk's Office recorded the petition as filed on January 25, 2007. Under the mail-box rule, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Because Wiley indicates that he placed his pleadings in the prison mail system on January 18, 2007, his petition is presumed filed on that date.

was denied effective assistance of counsel. The respondent has filed a motion for summary judgment, arguing that the petition must be dismissed because it is untimely. Wiley does not disagree, but he asks the Court to consider his petition anyway. The respondent's motion is discussed below in connection with the one-year statute of limitations.

## II. DISCUSSION

### A. The One-Year Statute of Limitation

The respondent maintains that Wiley's petition is barred by the governing one-year statute of limitations. According to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

To the extent that Wiley challenges his 2003 state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." As noted above, the Texas Court of Criminal Appeals refused Wiley's petition for discretionary review on March 3, 2005. Although Wiley did not file an application for a writ of certiorari with the United States Supreme Court, his time to do so expired ninety days later on or about June 1, 2005. That date triggered the statute of limitations, which expired one year later on June 1, 2006.

Wiley's pending petition, dated January 18, 2007, is late by approximately 231 days and is therefore time-barred unless Wiley can show that a statutory or equitable exception applies.

### B. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). The state court records show that, on July 17, 2006, Wiley filed a state habeas corpus application to challenge the conviction at issue in this case. The Texas Court of Criminal Appeals denied relief on September 20, 2006. *See Ex parte Wiley*, No. 65,634-01 (Tex. Crim. App.). Wiley filed a second state habeas corpus application on October 9, 2006, which the Texas Court of Criminal Appeals dismissed as abuse of the writ on December 6, 2006.[2] *See Ex parte Wiley*, No. 65,634-02 (Tex. Crim. App.). Because both of these state habeas corpus proceedings were filed after the limitations period had already expired, neither one has any tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Wiley presents no other basis for statutory tolling and the record fails to disclose any. In that regard, Wiley has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there

---

[2] A review of the second state habeas application filed by Wiley shows that it raises the same claims contained in his first state habeas application. *See Ex parte Wiley*, Nos. 65,634-01 & 65,634-02.

is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

### C. Equitable Tolling

Wiley has filed a response to the motion for summary judgment. (Doc. # 12). In that response, Wiley appears to agree with the respondent's position that his petition is barred by the statute of limitations. Conceding that his petition is untimely, Wiley asks the Court to consider his claims in spite of the limitations bar. The Court construes this as a request for equitable tolling.

Equitable tolling is an extraordinary remedy which is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Fifth Circuit has held that the statute of limitations found in the AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). As the Fifth Circuit has explained, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Assuming that the AEDPA allows it, the Supreme Court has noted that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently,

and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida,* — U.S. —, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Wiley has made no effort to meet the criteria for equitable tolling and the record does not support an exercise of discretion in his favor. As noted above, the Texas Court of Criminal Appeals refused Wiley's petition for discretionary review on March 3, 2005, and Wiley did not appeal further. Instead, Wiley waited well over a year, until July 17, 2006, to file his first state habeas corpus application. Wiley does not offer any explanation for this delay. It is well established that equitable tolling is not available where, as here, the petitioner squanders his federal limitations period. *See, e.g., Ott v. Johnson,* 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied,* 529 U.S. 1099 (2000).

Although Wiley has represented himself on state habeas corpus review and in this federal proceeding, the Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition. *See Lookingbill v. Cockrell,* 293 F.3d 256, 264 n.13 (5th Cir. 2002), *cert. denied,* 537 U.S. 1116 (2003); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.), *cert. denied,* 531 U.S. 1035 (2000); *see also United States v. Flores,* 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). The petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied,* 531 U.S. 1164 (2001); *see also Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir.)

(noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling), *cert. denied*, 539 U.S. 918 (2003).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[3] *See Felder*, 204 F.3d at 173. The doctrine of equitable tolling is applied "restrictively" and, as the Fifth Circuit has held repeatedly, "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)). Given the petitioner's lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Wiley has not established that he is entitled to equitable tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of

---

[3] Wiley's conviction was affirmed on direct appeal in a thorough opinion and he was denied relief on state habeas corpus review. Assuming that the grounds for relief lodged in his federal habeas petition were adjudicated on the merits, Wiley's pleadings do not show that the state court's decision to deny relief was contrary to or involved an unreasonable application of clearly established Supreme Court precedent and he otherwise fails to demonstrate that he is entitled to a federal writ of habeas corpus under 28 U.S.C. § 2254(d). Accordingly, Wiley has failed to state a valid claim for relief.

appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## IV.  CONCLUSION AND ORDER

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Doc. # 11) is **GRANTED**.

2. The federal habeas corpus petition is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on September 17th, 2007.

Nancy F. Atlas
United States District Judge